UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD LEVY,

                Plaintiff,

  -against-                                  9:05-CV-0265
                                                    (LEK/DEP)

M.D. E. WEISSMAN, *Upstate Correctional Facility*; W. PALMER, *Nurse Practitioner, Upstate Correctional Facility*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I. Background**

This action was commenced on February 28, 2005, when Plaintiff Ronald Levy ("Plaintiff") filed his Complaint. See Complaint (Dkt. No. 1). Defendants filed an Answer on August 19, 2005. See Answer (Dkt. No. 15). Plaintiff's last known address is:

  Ronald Levy
  51 Waverly Avenue
  Smithtown, NY 11787

See Dkt. No. 19; N.D.N.Y. Docket Sheet. And, the full filing fee of $250.00 has been received by the Clerk's Office. See Docket Entry of November 7, 2005 (receipt number SYR004831).

However, no activity on Plaintiff's part appears on the Docket since the October-November time period of 2005, and Defendants have filed a Motion to dismiss for lack of prosecution, and for sanctions for violations of discovery obligations. See Defts' Motion (Dkt. No. 20). According to Defendants, Plaintiff did not respond to the deposition notice sent to his last known address, and did not appear for said deposition scheduled for April 17, 2006. See Defts' Mem. of Law (Dkt. No. 20,

1

Attach. 2) at 1-2; Defts' Ex. (Dkt. No. 20, Attach. 7). In fact, a review of the Record indicates that Defendants' current Motion (Dkt. No. 20) was sent to Plaintiff at his last known address, and Plaintiff has not responded to or opposed said Motion. In addition to dismissal, Defendants seek costs and attorneys fees associated with Plaintiff's failure to attend the scheduled deposition, at which Defense counsel and a court reporter were present. See Defts' Mem. of Law (Dkt. No. 20, Attach. 2) at 1-2. For the reasons that follow, Defendants' Motion is granted.

## II. Discussion

### *A. Dismissal*

The Second Circuit has held that "it is unquestioned that [Federal Rule of Civil Procedure] 41(b)... gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute". LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Calabresi, J.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). Rule 41(b) addresses not only Plaintiff's failure to prosecute, but also Plaintiff's "failure...to comply with these rules or any order of court". FED. R. CIV. P. 41(b).

The Second Circuit in LeSane held that:

> *pro se* plaintiffs should be granted special leniency regarding procedural matters.... Finally, "this court has repeatedly detailed factors... to be considered before dismissal...," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

2

LeSane, 239 F.3d at 209 (citing and quoting Lucas, 84 F.3d at 535; Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). See also Shannon v. Gen. Elec. Co., 186 F.3d 186, 193 (2d Cir. 1999); Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

Furthermore,

> [t]he imposition of sanctions under Rule 37 "is within the discretion of the district court...". However, dismissal with prejudice is a harsh remedy to be used only in extreme situations,... and then only when a court finds "willfulness, bad faith, or any fault" on the part of the prospective deponent.

Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764-65 (2d Cir. 1990) (citations omitted). See also Shaikh v. Grant, 00 CV 5844 (JG)(RML), 2003 WL 22469917, at *1-*2 (E.D.N.Y. Sept. 29, 2003).

This Court has evaluated the factors as set forth by the case law, as well as the Record in this matter and Defendants' papers. Plaintiff's inaction and failure to prosecute has spanned more than one (1) year. Plaintiff has also clearly failed to comply with discovery obligations, and those failures do not appear to have been rectified. As such, and given the law and factors discussed above, Plaintiff's failures in this matter warrant the imposition of the sanction of dismissal.[1]

### B. Costs and Fees

This Court notes the provisions contained in Federal Rule of Civil Procedure 37, *to wit*:

---

[1] Although this Court notes that Plaintiff has not received any notice from the Court that his failures could result in the imposition of the sanction of dismissal, Defendants' Motion was filed in April of 2006, and was served on Plaintiff. Defendants' Motion requests, *inter alia*, the sanction of dismissal for Plaintiff's failures, and therefore this Court finds that Defendants' papers provided Plaintiff with sufficient notice of the possible sanction - and, despite that notice, Plaintiff still has yet to prosecute this action or reply to Defendants' Motion.

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice,... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.... In lieu of any order or in addition thereto, the court *shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless* the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d) (emphasis added). The Court notes the mandatory nature of the emphasized language concerning sanctions, absent the exceptions noted in the Rule. See Precisionflow Tech., Inc. v. CVD Equip. Corp., 140 F. Supp. 2d 195, 198-99 (N.D.N.Y. 2001) (Mordue, D.J.; Homer, M.J.); Exodus Partners, LLC v. Cooke, No. 04 Civ. 10239(GEL), 2007 WL 120053, at *18 (S.D.N.Y. Jan. 17, 2007) (Lynch, D.J.); Rogers v. Koons, No. 89 CIV. 6707 CSH, 1990 WL 67420, at *1 (S.D.N.Y. May 16, 1990).

This Court does not find Plaintiff's failures to have been substantially justified, and does not find that an award of reasonable costs and attorney's fees, as requested by Defendants, would be unjust. Furthermore, the Court finds the Court Reporter's minimum charge/fee of eighty-five dollars ($85.00), see Court Reporter's Bill (Dkt. No. 20, Attach. 9), and the attorney's fees of one hundred and twenty-five dollars ($125.00) for one hour of time waiting for Plaintiff at the deposition, see Defts' Mem. of Law (Dkt. No. 20, Attach. 2) at 4-5; Deposition Transcript (Dkt. No. 20, Attach. 8), to be reasonable. As such, Defendants' request for costs and attorney's fees totaling two hundred and ten dollars ($210.00) is granted.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 20) is **GRANTED**, and Defendants' request for costs and attorney's fees (Dkt. No. 20) is **GRANTED in the amount of TWO HUNDRED AND TEN DOLLARS ($210.00)**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41, and for violations of discovery duties, pursuant to Federal Rule of Civil Procedure 37; and it is further

**ORDERED**, that the Clerk of the Court **CLOSE Case Number 9:05-CV-0265 (LEK/DEP)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED: February 08, 2007
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge